UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERSON JONATHAN TIGRERO MORA (A-220-205-299), | No.  2:26-cv-00626 DJC CSK |
| Petitioner, | |
| v. | RELEASE ORDER |
| WARDEN CHRISTOPHER CHESTNUT, | |
| Respondent. | |

Petitioner, an immigration detainee proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 30, 2026, the Magistrate Judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days.  Respondent filed objections to the findings and recommendations.

The Court presumes that any findings of fact are correct.  *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).  The Magistrate Judge's conclusions of law are reviewed de novo.  *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).  The Court has reviewed the file and finds the findings and recommendations to be supported by the record and by the Magistrate Judge's

1

analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations (ECF No. 15) are adopted in full.

2.  The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

3.  Respondents are ordered to IMMEDIATELY release petitioner Jefferson Jonathan Tigrero Mora (A-220-205-299) and are ordered to provide petitioner with a copy of the release order at or near the time of release.  If respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at or near the time of release. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  This injunction does not address other circumstances where detention is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

4.  Given petitioner's pro se status, respondents are directed to file, within **five** days of the date of this order, a status report addressing petitioner's status.

5.  The Clerk of the Court is directed to enter judgment in favor of petitioner and close this case.

6.  The Clerk of the Court is further directed to serve California City Immigration Processing Center with a copy of this order.

IT IS SO ORDERED.

Dated:   **May 8, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

2